Simon, J.
This is an appeal taken by the defendant from a-judgment by default, rendered and made final under the following circumstances:
This suit having been instituted upon two notes of hand and a small account, the defendant filed an exception to the plaintiff rs petition, and declined answering thereto, upon the ground that said petition is not signed by the plaintiff himself, nor by any other person for him.
*139 The petition is signed by “ Fred. H. and Thos. P. Farrar” without qualifying themselves as the attorneys for plaintiff, and without any addition to their names; and the District Judge having sustained the defendant’s exception, said plaintiff took a bill of exceptions to said Judge’s opinion that the signature of his counsel was insufficient.
The plaintiff, however, by leave of the court, amended his petition by adding the words “ attorneys for petitioner,” under the signature of his counsel; whereupon a judgment by default was regularly entered; but, on the day it was to be made final, the defendant’s counsel filed a written motion to have it set aside, for the reason that the court having decided that the petition filed,was not signed according to law, and an amendment being allowed, default was entered instanter without any service of the amended petition. This motion was overruled, and the defendant’s counsel took a bill of exceptions; whereupon^ no answer being filed, the judgment by default was made final, after sufficient evidence was adduced by the plaintiff in support of his demand, and an attempt made by him to prove the rate of interest allowed by the statutes of the state of Mississippi, where the notes sued on were executed.
It is clear, in our opinion,.that the defendant’s exception to his answering to the plaintiff’s petition, was improperly sustained. It is true, that art. 172 of the Code of Practice, requires that the petition be signed by the plaintiff, or his attorney in fact, or by his advocate ; but here, it was signed by the plaintiff’s advocates, who, with or without the addition to their names of the words “ attorneys for petitioner” had a right to sign it, and to represent their client in a court of justice. Attorneys at law are generally known to the courts before which they practice; their admission to the bar. and the oath which they take on receiving their licenses, are matters of record in this court, and .as such should be taken notice of by the courts of inferior jurisdiction before which such attorneys are bound to produce their licenses when required ; and, when -their names are spread upon the records of the tribunal where they litigate and defend the rights of their clients, they should, at least, be presumed to act.in their capacity of advocates, unless their right to practice as such is disputed. *140 Their authority to sign a petition, and to appear in court as advocates, is derived from their licenses, and not from the quality which they may add to their signatures; and it seems to us, that the authority of Fred. H. and Thos. P. Farrar to act as advocates, not being denied or disputed, their simple signature to the petition had as much effect to show the capacity in which they acted, as if it was followed by the words “ attorneys for petitioner,” which attorneys at law are in the habit of adding to their signatures. See the case of Rowlett v. Shepherd, 7 Mart. N. S. 513.
The Judge, a quo, however, being of opinion that the exception was valid, properly permitted the plaintiff to amend ; and, we tjiink, that the defendant was then bound to answer to the petition, or to suffer a judgment by default to be taken instanter against him, without its being necessary to serve a new copy of the petition, so amended, upon him. He was in court, under his exception, and was bound to take notice of the amendment allowed, in consequence of its having prevailed. It is well settled, that if an amendment be a mere matter of form, the defendant cannot be allowed time to answer over to such amendment. 3 Mart. 404. A fortiori, has he no right to require that such amendment be served upon him. Amendments may be allowed as well before, as after issue joined. 1 La. 433. If the petition do not state the plaintiff’s residence, on exception, said plaintiff may be allowed to amend ; (6 La. 380;) and where the plaintiff mistakes the true name of the defendant in his petition, he may be permitted to amend and correct it instanter, even after the original petition is served. 8 La. 298. 12 Ib. 7, Here, the amendment deemed necessary below, was immaterial and merely formal; the defendant was bound to file his answer, in order to avoid the effect of the judgment by default j he had ample time to do so before it was made final; and we think the Judge, a quo, did not err in overruling his motion to set it aside.
The judgment appealed from, however, allows the plaintiff six per cent interest, per annum, on the amounts of the notes sued on, from the maturity of said notes until paid, while they do not bear any 5 and no legal proof was adduced to show, that such is the rate of legal interest fixed by the laws of the ■state of Mississippi; and we think it ought to be corrected in this respect. It is true, the *141 record contains a document purporting to be a law of the state of Mississippi; but it is certified by no one, and it does not appear to have been proved as required by law to entitle it to be received in evidence. There is, therefore, no sufficient proof to warrant the judgment for interest at the rate of six per cent; and it should be reduced to five per cent under our law, to run from judicial demand.
F. H. and T. P. Farrar, for the plaintiff.
Shaw and Lawrence, for the appellant.
It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, except that instead of six per cent interest, per annum, therein allowed, the plaintiff be only entitled to recover five per cent on the amount of said judgment from judicial demand until paid; and it is further ordered, that the costs in the lower court be paid by the defendant and appellant, those in this court to be borne by the plaintiff and appellee.